[Cite as *State v. Miller*, 2026-Ohio-2942.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115879 |
| v. | : | |
| DERRICK J. MILLER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682247-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Chauncy Keller, Assistant Prosecuting
Attorney, *for appellee*.

Derrick J. Miller, *pro se*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Derrick Miller appeals the trial court's denial of his petition for postconviction relief. Upon review, we affirm the trial court's decision.

{¶ 2} On June 30, 2023, Miller was charged under an 11-count indictment with two counts of improper discharge of a firearm at or into habitation, four counts

of felonious assault, and one count each of discharge of a firearm on or near prohibited premises, improperly handling firearms in a motor vehicle, domestic violence, criminal damaging, and drug possession. Seven of the counts included three- and five-year firearm specifications. Following a bench trial, Miller was found guilty of all 11 counts and accompanying firearm specifications. He was sentenced to a total aggregate sentence of a minimum of 12 years and a maximum of 13 years in prison. This court affirmed the judgment of conviction on February 13, 2025, in *State v. Miller*, 2025-Ohio-922 (8th Dist.). A detailed summary of the testimony and underlying facts are included in that opinion. *See id*. at ¶ 5-22. On November 10, 2024, this court denied Miller's application for reopening.

{¶ 3} During Miller's bench trial, Keely Byers testified to an incident when she heard a noise outside her home, she went to her window, she observed Miller outside, and Miller began shooting at her from inside of his vehicle. *Miller* at ¶ 12. Miller testified at trial and claimed that he acted in self-defense, and his trial counsel argued self-defense during closing argument. The trial court found Miller guilty of all counts charged. *Id*. at 23. Miller argued in his direct appeal that his claim of self-defense was supported by the fact that the rear window of his vehicle was shot out; however, this court recognized there was no evidence supporting how his window was shot out and determined that Miller's convictions were not against the manifest weight of the evidence. *Miller* at ¶ 28-33. Miller asserted in his application for reopening pursuant to App.R. 26(B) that his appellate counsel was ineffective for failing to argue that Miller's trial counsel failed to affirmatively raise self-defense or

to present certain evidence to support a claim a self-defense.  In rejecting Miller's argument, this court found the following:

> Upon review of the record, we find that Miller was responsible for creating the situation that resulted in his discharge of a firearm.  In addition, the record fails to disclose that Miller possessed a bona fide belief of imminent bodily harm.  Finally, the evidence presented at trial clearly demonstrates that Miller was a trespasser and violated the duty to retreat.
>
> Viewing the evidence adduced at trial in a light most favorable to Miller, the evidence does not support a self-defense claim. To the contrary, the evidence demonstrates that Miller caused the violent situation, violated a duty to retreat, and used excessive force. Therefore, we conclude appellate counsel was not required to raise the issue of self-defense on appeal. Miller has failed to demonstrate any prejudice through his sole proposed assignment of error.

(Citations omitted.)  *State v. Miller*, No. 114095 (8th Dist. July 16, 2025).[1]

{¶ 4}  On August 20, 2025, Miller, acting pro se, filed a petition for postconviction relief pursuant to R.C. 2953.21.  Miller claimed his trial counsel was constitutionally ineffective for failing to perform an adequate investigation and failing to present a self-defense claim.  He attached three affidavits to his petition, one purportedly signed by a friend who was not present at the time of the shooting incident and the other two purportedly signed by Miller himself.  The trial court denied Miller's petition on November 10, 2025.  As observed in the trial court's findings, the affidavits "do not support Miller's claims" and instead "consist of hearsay, information that Miller testified to at trial, and information that is

---

[1] Appellant filed a notice of appeal of this decision to the Ohio Supreme Court on April 28, 2026.

otherwise unrelated to Miller's claims." The trial court determined that Miller's ineffective-assistance-of-counsel claim is otherwise barred by res judicata. The trial court noted that it had rejected Miller's self-defense claim at trial, that this court twice rejected his self-defense claim, and that Miller failed to support his petition with any evidence outside the record. The trial court also recognized the self-serving nature of the affidavits provided. Additionally, the trial court found that Miller was not entitled to a hearing. Miller timely appealed.

{¶ 5} Under his first assignment of error, Miller claims the trial court abused its discretion and violated appellant's constitutional and due-process rights when it denied his petition for postconviction relief upon finding that the petition was subject to res judicata and that appellant failed to support the petition with evidence outside the record. Under his second assignment of error, Miller claims the trial court abused its discretion when it denied his petition without conducting a hearing.

{¶ 6} We generally review a trial court's decision to deny a petition for postconviction relief without a hearing for an abuse of discretion. *State v. Grier*, 2025-Ohio-2529, ¶ 4 (8th Dist.), citing *State v. Smith*, 2010-Ohio-1869, ¶ 23 (8th Dist.). "A trial court may deny a defendant's petition for postconviction relief without an evidentiary hearing where the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *State v. Duncan*, 2025-Ohio-2456, ¶ 16 (8th Dist.), citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of

the syllabus. "A trial court may also dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata." *Id.* at ¶ 17, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. "Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *Id.*, citing *Szefcyk* at syllabus. "A postconviction-relief petition 'does not provide a petitioner a second opportunity to litigate the conviction.'" *State v. Hodges*, 2024-Ohio-5097, ¶ 8 (8th Dist.), quoting *State v. Andrews*, 2020-Ohio-3176, ¶ 11 (8th Dist.).

{¶ 7} Here, Miller asserts that his trial counsel was ineffective for failing to discover and present evidence in support of his self-defense claim, that his counsel's performance was constitutionally deficient, and that his petition is not barred by res judicata. He further contends that the affidavits attached to his petition should be viewed as evidence outside the record and that he should be afforded an evidentiary hearing on his petition for postconviction relief. Various other assertions are made.

{¶ 8} To the extent that Miller raised a claim for ineffective assistance of counsel, he had "'the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.'" *Duncan* at ¶ 19, quoting *Calhoun* at 285. Self-serving affidavits submitted by a defendant to support a claim for postconviction relief are generally insufficient, and a trial court may, in its

discretion, judge the credibility of the affidavits. *See id.* In this matter, we find no abuse of discretion by the trial court in discounting the affidavits provided, and Miller's claim is otherwise belied by the record and unsupported by operative facts. Accordingly, Miller failed to show that his trial counsel was deficient or that he suffered prejudice.

{¶ 9} Additionally, our review in this matter shows that Miller is essentially asserting the same issues surrounding his claim of ineffective assistance of counsel and his self-defense claim in his petition for postconviction relief that were previously raised and rejected by this court. The trial court properly found that res judicata bars him from raising the issues in a petition for postconviction relief and denied his petition without conducting a hearing. We are not persuaded by any of Miller's assertions otherwise.

{¶ 10} Accordingly, Miller's assignments of error are overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR